IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BARTH ROBINSON,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br><br>HOLLY REFINING AND MARKETING CORPORATION,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR ALTERNATIVELY FOR SUMMARY JUDGMENT<br><br><br><br><br><br>Case No. 1:04-CV-166 TS |

I.  INTRODUCTION

This matter came before the Court on February 14, 2006, for hearing on Defendant Holly Refining and Marketing Corporation's (Holly) Motion to Dismiss, or alternatively for Summary Judgment.[1]  Plaintiff Barth Robinson (Robinson) claims that his employer, Holly, violated the Americans with Disabilities Act (ADA) by failing to provide him reasonable accommodation prior to its termination of his employment.  Holly seeks summary judgment on the grounds that

---

[1]Docket No. 8.

1

in a previous arbitration proceeding, which was conducted between Holly and Robinson to resolve matters regarding Robinson's discharge, the Arbitrator concluded that Holly had discharged Robinson for cause.  The Arbitrator made several formal findings regarding Holly's actions that are relevant to the present cause of action.  Holly asks the Court to defer to the Arbitrator's findings in the Court's application of the ADA to the present case and find that Holly did not violate the ADA.  The Court will only consider Holly's Motion for Summary Judgment.  Since the Court will determine this case on the Motion for Summary Judgment, Holly's Motion to Dismiss is rendered moot.  The Court will grant Holly's Motion for Summary Judgment.

## II.  UNDISPUTED FACTS

Robinson was employed by Holly from April 1990 until his termination in October 2003.  On July 15, 2003, Robinson was involved in a fire at his workplace, which forced him to jump from a building, exacerbating a previously existing knee injury.  On July 28, 2003, Robinson informed Holly that he would be absent from work for at least one week due to his knee injury.  From the time of this communication until mid-October, Robinson began a series of communications with Holly's Human Resources Assistant, Debbie Hamer (Hamer), while he received treatment from various doctors regarding his knee.  These communications consisted of discussions between Robinson and Hamer regarding the basis for his continued absence from work and his need to submit paperwork to Hamer – chiefly absence reports and communications from his physicians about the status of his injury.  During his period of absence, Robinson received benefits from Holly pursuant to its Short-Term Disability Plan.

On September 10, 2003, Hamer spoke with Holly's Director of Human Resources, Ron Lloyd (Lloyd), communicating to him that she had been in contact with Robinson, but that she was confused regarding the basis for Robinson's receipt of short-term disability benefits.  In response, Holly's Plant Manager, Jerry Lockie (Lockie), hired a private detective on September 19, 2003 to observe Robinson.  The detective observed Robinson for approximately thirty-six hours from September 19 through September 27, 2003.  The detective videotaped Robinson working at his two furniture stores on several occasions, engaging in physical activity without showing any signs of discomfort.  The detective submitted a report of his observations along with a videotape of some of these activities.

On October 17, 2003, Lloyd and Lockie met with Robinson regarding his absence from work.  During this interview, they discussed with Robinson the nature of his injury, the details of his submitted medical reports, his ownership of the two furniture stores, and the recorded observations of the private investigator.  They reviewed with Robinson Holly's policy that prohibited him from doing any off-duty work that interfered with his ability to fulfill his duties for Holly or to heal as quickly as possible in order to return to work.  They gave Robinson an opportunity to submit additional information to Holly after the meeting, in order to avoid any adverse employment action, specifically additional medical information to more clearly explain the nature of his injury and inability to report to work.  Robinson failed to submit any additional information.  On October 29, 2003, Holly terminated Robinson's employment.

As a result of his discharge, the union to which Robinson belonged filed a grievance under its Collective Bargaining Agreement (CBA) with Holly, claiming that Holly violated

Article XIV, Section 2 of the CBA by failing to discharge Robinson for cause.  An arbitration hearing was conducted on April 8, 2004.  After having "carefully considered all the record evidence, testimony, and the respective position[s] of the Parties," the Arbitrator concluded that Robinson had violated Holly's policies and therefore was "properly discharged."[2]

Following the Arbitrator's decision, Robinson filed this Complaint against Holly, alleging that Holly had violated the Americans with Disabilities Act (ADA), the Family and Medical Leave Act (FMLA), the Utah Workers Compensation Act and various state public policies by terminating his employment.  Holly made a Motion to Dismiss, or alternatively for Summary Judgment, on all claims by Robinson in its favor.  In response to Holly's motion, Robinson withdrew his second (FMLA) and third (Utah Workers Compensation Act and various state public policies) causes of action.  The only claim that remains for the Court's determination is Robinson's claim that Holly violated the ADA by failing to provide him reasonable accommodation prior to his termination.

### III.  DISCUSSION AND CONCLUSIONS

A court may grant summary judgment where "there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." [3]  Once the movant demonstrates no genuine issue of material fact, "summary judgment is appropriate if the non-moving party cannot

---

[2]Def.'s Mem. Ex. 1 at 31.

[3]*Mackenzie v. Denver*, 414 F.3d 1266, 1273 (10th Cir. 2005) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

adduce probative evidence on an element of its claim upon which it bears the burden of proof."[4] A court must evaluate the "factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment."[5]

Robinson contends that Holly violated the ADA by failing to provide him reasonable accommodation, by refusing his request to return to work on a light-duty basis, and alternatively, by refusing to allow him to return to work until he received a full medical release from its company doctor.  Robinson argues that the Court should not defer to the Arbitrator's findings because the Arbitrator did not consider whether Holly had an obligation to provide light duty to Robinson and whether Holly, in fact, failed to do so.  Holly contends that the issue of light duty was thoroughly presented to the Arbitrator who addressed at length all issues related to that matter.  Holly argues that the Arbitrator did make a formal finding that the record presented "no evidence" that Robinson "ever actually requested light duty."[6]  Holly asks the Court to defer to the Arbitrator's findings.

The Tenth Circuit adheres to "the strong federal policy favoring arbitration."[7]  It recognizes that a federal court's review of an arbitration decision is performed under a "highly deferential standard" that has been described as "among the narrowest known to the law."[8]  The

---

[4] *Id.* (quoting *Rohrbaugh v. Celotex Corp.*, 53 F.3d 1181, 1182 (10th Cir. 1995)).

[5] *Id.*

[6] Def.'s Mem. Ex. 1 at 36.

[7] *Bowen v. Amoco Pipeline Co.*, 254 F.3d 925, 932 (10th Cir. 2001).

[8] *Id.* (quoting *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1462 (10th Cir. 1995)).

present case deviates from the standard case involving a federal court's review of an arbitration decision.  Typically, a court is asked to uphold or set aside the arbitrator's award.  In the present case, Robinson accepts the Arbitrator's award and the central finding supporting the award, namely that Holly discharged Robinson for cause.  However, Holly asks the Court to defer to a formal finding of the Arbitrator that did not constitute part of the Arbitrator's central determination.  Nonetheless, the Court finds that the general policies and principles underlying the Tenth Circuit's deference to the arbitration process guide the Court in deferring to an arbitrator's finding, even if it was not part of its principal holding.  Hence, the Court defers to the Arbitrator's finding that Robinson did not properly request light duty.

In his opposition to the Motion for Summary Judgment, Robinson was afforded an opportunity to present additional evidence to demonstrate an issue of fact on whether the findings of the Arbitrator were inaccurate regarding the light duty matter, but he failed to do so.  Due to the deference that the Court grants to the Arbitrator's finding on Robinson's failure to request light duty and Robinson's failure to present additional evidence that the Arbitrator's determination was incorrect, the Court finds that Robinson has failed to show a genuine issue of material fact that he failed to properly request light duty from Holly.

Under the ADA, a claim for discrimination can be filed for failure to provide reasonable accommodation.[9]  The duty to provide reasonable accommodation contemplates an interactive process taking place between the employer and employee to determine the appropriate nature of

---

[9]*Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1188–89 (10th Cir. 2003).

the accommodation.[10]  Generally, "the interactive process must ordinarily begin with the employee providing notice to the employer of the employee's disability and any resulting limitations."[11]

The Court finds that Robinson failed to demonstrate a genuine issue of material fact that he did not provide the notice necessary to initiate the interactive process.  Holly's Light Duty Policy required Robinson to ask his supervisor for available light duty and to fill out a "Request for Light Duty" form.  If Robinson had complied with these requirements under the Light Duty Policy, he would have fulfilled his responsibility in providing notice to his employer, thus triggering the interactive process.  However, as discussed above, the Arbitrator concluded that the evidence failed to show that Robinson ever actually requested light duty, and Robinson failed in the present motion to show that there was an issue of fact that he had done so.

Moreover, even if there were evidence that Robinson had taken the appropriate action to trigger the interactive process, the Court finds that Robinson failed to show a genuine issue of material fact that Holly failed to perform its part in the interactive process.  Holly presented evidence that it communicated with Robinson and/or requested relevant medical information from him approximately fourteen times between July 28 and October 17, 2003.  Robinson has not disputed these communications.  The Court finds that Holly has shown communications sufficient to constitute an interactive process by Holly for purpose of the ADA.

---

[10] *Smith v. Midland Brake, Inc.*, 180 F.3d 1154, 1171 (10th Cir. 1999).

[11] *Albert v. Smith's Food & Drug Centers, Inc.*, 356 F.3d 1242, 1252 (10th Cir. 2004).

Finally, Robinson has not shown a genuine issue of material fact that Holly violated its duty to provide reasonable accommodation by requiring Robinson to submit a full medical release in order to return to work.  Under its Short-Term Disability Plan, under which Robinson received benefits during his period of leave, Holly was permitted to require Robinson to "provide a release to return to work from his or her physicians certifying that" Robinson was "physically able to perform all essential functions of his" employment before "being allowed to return to work."[12]  It is entirely consistent with the ADA and reasonable for the employer to request a medical release from an employee before he is permitted to return to work.[13]

Having determined that there are no genuine issues of material fact and that Holly is entitled to judgment as a matter of law, it is therefore

---

[12] Def.'s Mem. Ex. 1 at 5.

[13] *Smith*, 180 F.3d at 1173.  *See Templeton v. Neodata Servs.*, 162 F.3d 617, 618–19 (10th Cir. 1998) ("the employee's failure to provide medical information necessary to the interactive process precludes her from claiming that the employer violated the ADA by failing to provide reasonable accommodation.").

      ORDERED that Holly's Motion to Dismiss, or alternatively for Summary Judgment (Docket No. 8) is GRANTED. The clerk of the Court is directed to enter a judgment in favor of Holly and against Robinson on all claims and close this case.

      DATED this 10th day of March, 2006.

                                      BY THE COURT:

                                      _____
                                      TED STEWART
                                      United States District Judge